**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY HAMLET, | No. CIV S-08-3025-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this action which has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's "Petition for Writ of Habeas Corpus" (Doc. 1).

In his "petition," petitioner complains that his placement is solitary confinement at California State Prison – Los Angeles is interfering with his access to the courts. He also complains about the conditions of his confinement. He does not, however, appear to challenge either the fact or duration of his confinement in prison in general or in solitary confinement in particular.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is

1  entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ
2  of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);
3  see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49
4  F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenged the conditions of
5  confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights
6  action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).
7  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42
8  U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

9       Because petitioner is challenging the conditions of his confinement, this case
10 appears to be a civil rights case and not a habeas case.  Further, because he challenges the
11 conditions of confinement at a prison in Los Angeles County, his case should have been brought
12 in the United States District Court for the Central District of California.  This action should be
13 dismissed without prejudice to re-filing it as a civil rights action in the Central District.

14       Based on the foregoing, the undersigned recommends that this action be dismissed
15 without prejudice.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Failure to file objections within the specified time may waive
21 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE