IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HAMLET,                     No. CIV S-08-3025-MCE-CMK-P

    Petitioner,

  vs.                                             ORDER

STATE OF CALIFORNIA, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this action which has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for appointment of counsel (Doc. 11). There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A, authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. To the extent petitioner's claims challenge the conditions of confinement and this case should have been brought as a civil rights case, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain

1

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances or that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (Doc. 11) is denied.

DATED: January 26, 2009

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2